# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN SEGAL, : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-7493 |
| SAMUEL ZIELENIEC, : | |
| Defendant. : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                                 **March 24, 2015**

Presently before the Court is Defendant Samuel Zieleniec's motion to dismiss the Amended Complaint for failure to state a claim.

## I.   FACTUAL AND PROCEDURAL HISTORY

The Amended Complaint alleges the following facts. Starting in 2007, Zieleniec solicited investments from Plaintiff Glenn Segal, a resident of Pennsylvania, to fund a series of loans to owners of real property in Israel. Between June 4, 2007 and October 18, 2007, Zieleniec and Segal entered into four Trust Agreements that are the subject of this litigation: the Baka Trust, the Katamon Trust, the Metudela Trust, and the Avida Trust. Zieleniec was the trustee, and Segal was the beneficiary. After problems developed with the Trusts, Defendant Zieleniec's father Henry Zieleniec became co-trustee.

The Trust Agreements provide that "the beneficiary together with others have decided to provide private loans to third parties" and that the beneficiary would wire a specified principal amount into an escrow account set up on the Trust's behalf.[1] Zieleniec, as trustee, would use the principal to make and manage loans to owners of real property in Israel on Segal's behalf. The loans were for a term of six months at an interest rate of 16% per annum, minus a 2% per annum

---
[1] *E.g.*, Baka Trust, Exh. A to Am. Compl.

administrative fee to be paid to the trustee Zieleniec. On 30 days' notice, the loan's term could be extended to twelve months on the same terms. If the principal and interest were not repaid to Segal in full at the end of the six or twelve month term, interest would continue to accrue at a rate of 2% per month. The parties intended that the loans would be secured by either a mortgage on the borrower's property, or in the case of the Baka Trust, by a lien on shares in the borrowing company. These security interests were to be the property of each Trust (the "Trust Property").

Zieleniec, as trustee, agreed to undertake certain fiduciary duties to Segal as beneficiary. Zieleniec agreed to "hold and manage" the Trust property on Segal's behalf, and not to benefit from the Trust or Trust property without Segal's written consent.[2] The Trusts, and Zieleniec's fiduciary duties as Trustee, were to continue in existence until the loans were repaid to Segal in full. The Trust Agreements further provide that the Trust Agreements "shall be governed by and construed according to the laws of the state of Israel."[3]

Between July 1, 2007 and October 18, 2007, Segal wired a total of $1,060,000 to the escrow accounts of the Trust in order to fulfill his obligations under the Trust Agreements. Even if extended to twelve months, the term of every loan made pursuant to the Trust Agreements had expired by October 18, 2008. At that time, Segal's investment was not repaid in full. Although Segal never received any payments whatsoever on his investment in the Baka Trust, Segal received interest payments totaling $578,482.19 on his investments in the Katamon, Metudela, and Avida Trusts, with the last payment received on November 20, 2012. Segal alleges losses on his investments totaling $1,935,580.01 in outstanding principal and unpaid interest, with interest continuing to accrue at 2% per month after the filing of this case.

---

[2] *E.g.*, *id.*
[3] *E.g.*, *id.*

Segal contends that his losses were caused by Zieleniec's failure to perform his fiduciary duties under the Trust and Zieleniec's fraudulent misrepresentations. Zieleniec allegedly did not fund any loans, rendering all of his representations regarding the nature of the loan transactions fraudulent. Segal alleges that the Trusts were a Ponzi scheme and Zieleniec used the funds deposited into escrow for his own personal gain and to repay earlier investors. Defendant Zieleniec and his father Henry Zieleniec allegedly made fraudulent representations regarding their attempts to collect the loans, including that payment was delayed by the borrowers' bankruptcies or involvement in litigation. Defendant Zieleniec and Henry Zieleniec also allegedly refused to provide documentation of their administration of the Trusts, including an accounting of their actions on behalf of the Trusts. Notably, Segal does not plead when any of these failures to perform a fiduciary duty or fraudulent misrepresentations occurred.

On November 20, 2013, Segal filed this action in the Montgomery County Court of Common Pleas against Defendant Zieleniec and Henry Zieleniec. On December 23, 2013, Defendants timely removed the case to this Court and Segal filed an Amended Complaint on January 13, 2014. The Amended Complaint asserts nine state law causes of action arising out of Zieleniec's alleged failures to perform his fiduciary duties and fraudulent misrepresentations: 1) Breach of Contract; 2) Breach of Fiduciary Duty; 3) and 4) Two Counts of Fraud; 5) Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL");[4] 6) Conversion; 7) Negligence; 8) Unjust Enrichment; and 9) Civil Conspiracy.

On January 27, 2014, Defendants moved to dismiss the Amended Complaint for lack of personal jurisdiction and failure to state a claim. By memorandum opinion and order dated June 16, 2014, this Court dismissed all claims against Henry Zieleniec for lack of personal jurisdiction, but held that Defendant Zieleniec's contacts with Pennsylvania were sufficient to

---

[4] 73 P.S. § 201-1 *et seq.*

subject him to personal jurisdiction. Zieleniec is therefore the sole remaining defendant in this action. With regard to whether Segal had stated a claim against Zieleniec, the Court found that it could not determine what law to apply due to the parties' agreement that Israeli law would govern the trust agreements. The Court therefore denied this aspect of Defendants' motion without prejudice until the parties briefed the choice of law issue.

On July 28, 2014, Zieleniec filed a renewed motion to dismiss for failure to state a claim, which raises a statute of limitations defense to Segal's claims for breach of contract, breach of fiduciary duty, fraud, conversion, negligence, unjust enrichment and civil conspiracy. Zieleniec further contends that Segal's remaining claim, for violation of the UTPCPL, should be dismissed because Segal's claims do not fall within the statute. For the purposes of this motion, the parties agree that Pennsylvania law governs the statute of limitations defense.[5] Contrary to the Court's directives, however, neither party makes any argument as to which law governs the merits of Segal's claims.

## II. STANDARD OF REVIEW

In order to survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Additionally, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] A plaintiff who survives a motion to dismiss for failure to state a claim on which relief may be granted states facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[8] In deciding a motion to dismiss, the

---

[5] The choice of law provision of the contract does not affect the application of Pennsylvania law to the statute of limitations defense, however, because to do so, the choice of law provision must be specific as to the statute of limitations. *See Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir. 1992) ("Choice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express.").
[6] Fed. R. Civ. P. 8(a)(2).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Court may consider exhibits attached to the complaint as well as the allegations of the complaint itself.[9]

A plaintiff is not required to plead facts sufficient to overcome affirmative defenses, such as failure to comply with the statute of limitations, in order to survive a motion to dismiss.[10] If, however, "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations," then the complaint may be dismissed.[11] But "[i]f a time-bar is not clear on the face of the complaint, then the motion to dismiss should be denied and the issue should be decided at a later stage of the litigation."[12] Thus, dismissal pursuant to Rule 12(b)(6) on statute of limitations grounds requires the plaintiff to "'effectively plead[] herself out of court by alleging facts that are sufficient to establish the defense.'"[13]

### III. DISCUSSION

*A. Statute of Limitations Defense*

Under Pennsylvania law, the statute of limitations begins to run "as soon as the right to institute and maintain suit arises."[14] The statute of limitations for Segal's breach of contract and unjust enrichment claims is four years,[15] whereas the statute of limitations for Segal's tort claims is two years.[16] In order to obtain dismissal of Segal's claims on statute of limitations grounds, therefore, Zieleniec must show that Segal's right to institute and maintain suit on his breach of contract and unjust enrichment claims had arisen by November 20, 2009, and that Segal's right

---

[9] *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).
[10] *See Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014).
[11] *Id.* at 249 (internal quotations omitted).
[12] *Wise v. Mortgage Lenders Network USA, Inc.*, 420 F. Supp. 2d 389, 393 (E.D. Pa. 2006).
[13] *Schmidt*, 770 F.3d at 251 (quoting *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006)).
[14] *Morgan v. Petroleum Products Equipment Co.*, 92 A.3d 823, 828 (Pa. Super. Ct. 2014) (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)).
[15] 42 Pa. C.S.A. § 5525.
[16] 42 Pa. C.S.A. § 5524. The statute of limitations for civil conspiracy is determined by the unlawful act that the defendant allegedly conspired to commit. *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3d Cir. 1974). Segal alleges that Zieleniec conspired to commit fraud and therefore the two year statute of limitations for fraud applies.

to institute and maintain suit on his tort claims had arisen by November 20, 2011.[17] Zieleniec contends that Segal could have brought suit on all of his claims on October 18, 2008, when the term of any loan made under the Trust Agreements must have expired, but Segal had not received full repayment of his investment.

Based upon the current record, the Court cannot determine as a matter of law that any of the claims are time-barred because the statutes of limitation for all of Segal's claims are subject to tolling under Pennsylvania's "discovery rule." The discovery rule "applies in Pennsylvania to all causes of action, including breach of contract."[18] Where "'the injury or its cause was neither known nor reasonably knowable,'"[19] the statute of limitations may be tolled until "the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause."[20] Whether the discovery rule applies "involves a factual determination … [and] [t]hus, this issue is generally decided by a jury, unless the court finds that 'reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause' and that therefore the discovery rule does not apply as a matter of law."[21] Zieleniec contends that the discovery rule does not apply because Segal should have been aware of all of his alleged injuries when Segal's investment was not repaid in full on October 18, 2008 as expected.

However, that Segal did not receive full repayment of his investment is insufficient to establish, as a matter of law, that Segal knew or should have known of the alleged cause of his injuries: Zieleniec's failure to perform his fiduciary duties and fraudulent misrepresentations.

---

[17] As discussed in the next section, Defendant does not argue that Plaintiff's UTPCPL claim is time-barred.
[18] *Morgan*, 92 A.3d at 828 (citing *Sadtler v. Jackson-Cross Co.*, 587 A.2d 727, 731 (Pa. Super. Ct. 1991)).
[19] *Padalino v. Standard Fire Ins. Co.*, 616 F. Supp. 2d 538, 547 (E.D. Pa. 2008) (quoting *Drelles v. Mfr. Life Ins. Co.*, 881 A.2d 822, 831 (Pa. Super. Ct. 2005)).
[20] *Wise*, 420 F. Supp. 2d at 395 (internal quotations omitted).
[21] *Padalino*, 616 F. Supp. 2d at 547 (quoting *Drelles*, 881 A.2d at 832) (internal citations omitted).

The Trust Agreements provided that the loans were to be made to third parties in Israel, and Plaintiff argues that he was deceived by allegedly fraudulent statements by the Zieleniecs that the purported Israeli borrowers were unable to pay on time because they were involved in bankruptcies or litigation. Segal also alleges that he received what were purported to be interest payments from the Katamon, Metudela, and Avida Trusts into 2012. The Amended Complaint also alleges that Segal made repeated requests for records of the Trusts' activities, but the Zieleniecs refused to provide them. Segal does not plead when he discovered the alleged causes of his injury, and he is not required to do so at this stage of the proceedings.

In the context of the discovery rule, "when the pleading does not reveal when the statute of limitations period began to run … the statute of limitations cannot justify Rule 12 dismissal."[22] For the same reasons that the facts as plead in the Amended Complaint do not establish that the cause of Segal's injury was known or reasonably knowable, the Amended Complaint does not reveal when Segal knew or reasonably should have known of the cause of his injuries. Thus, none of Segal's claims will be dismissed pursuant to Rule 12(b)(6) as time-barred.[23] Following discovery, however, Defendant may, if appropriate, renew his statute of limitations defense.

### B. UTPCPL Claim

Rather than raising a statute of limitations defense, Zieleniec moves to dismiss Segal's UTPCPL claim on the basis that the loan transactions at issue do not fall within the scope of the UTPCPL. Because the UTPCPL is a Pennsylvania statute, the Court may apply Pennsylvania law in determining its merits. The private right of action under the UTPCPL applies only to

---

[22] *Schmidt*, 770 F.3d at 251 (internal quotations omitted) (ellipsis original).
[23] Segal also contends that the statute of limitations for all of his claims should be tolled on fraudulent concealment grounds. Because the Court finds that Segal's claims are not time-barred on other grounds, the Court makes no ruling as to whether the injuries alleged in Segal's claims were fraudulently concealed.

"purchases or leases [of] goods or services primarily for personal, family, or household purposes."[24] Thus, a claim may fall outside the scope of the UTPCPL on two grounds: 1) plaintiffs did not purchase or lease a good or service;[25] or 2) the good or service purchased was not primarily for personal, family, or household purposes.[26] Segal does not respond to Zieleniec's claim that the loan transactions at issue in this case do not fall within the scope of the UTPCPL or defend the viability of the UTPCPL claim in any other fashion.

The Court finds that Segal cannot obtain relief under the plain language of the statute. In funding loans to Israeli borrowers through the Trust Agreements, Segal did not purchase a good or service. Segal also does not allege that he viewed the loan transactions as anything other than an investment, and investment is not a personal, family or household purpose as those terms are ordinarily used. Thus, Segal's UTPCPL claim will be dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendant's Renewed Motion to Dismiss the Amended Complaint will be granted in part and denied in part. None of Segal's claims will be dismissed as time-barred because the Amended Complaint does not permit the conclusion that the discovery rule does not apply or when the cause of Segal's injuries was known or reasonably knowable. Dismissal of the UTPCPL claim will be granted because the investment transactions at issue in this case do not fall within the scope of the statute.

An appropriate order follows.

---

[24] 73 P.S. § 201-9.2.
[25] *See Balderston v. Medtronic Sofamor Danek, Inc.*, 285 F.3d 238, 240-42 (3d Cir. 2002).
[26] *See Taylor v. Creditel Corp.*, No. 04-CV-2702, 2004 WL 2884208 at *7 (E.D. Pa. Dec. 13, 2004) (dismissing UTPCPL claim on grounds including that the transaction at issue was primarily for business purposes).